**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>Hamilton Cove Townhouses Property Owners Association, Inc.,<br><br>Debtor. | Case Number: 4-26-10479<br><br>Chapter 11, Subchapter V |
| Hamilton Cove Townhouses Property Owners Association, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Those Parties Listed on Exhibit A to the Complaint,[1]<br><br>Defendants. | Adv. Proc. No. __________________ |

**COMPLAINT TO AUTHORIZE SALE OF DEBTOR AND NON-DEBTOR CO-OWNERS' INTERESTS IN REAL PROPERTY PURSUANT TO 11 U.S.C. § 363(h)**

Plaintiff, Hamilton Cove Townhouses Property Owners Association, Inc. (the "Plaintiff", "Association" or "Debtor"), files this *Complaint to Authorize Sale of Debtor and Non-Debtor Co-Owners' Interests in Real Property Pursuant to 11 U.S.C. § 363(h)* (the "Complaint") seeking relief pursuant to 11 U.S.C. § 363(h) against the defendants listed on **Exhibit A** to this Complaint and incorporated herein by reference (collectively, the "Defendants" or "Owners"). In support of the Complaint, Plaintiff states and alleges as follows:

[1] A full list of all named Defendants is attached as **Exhibit A** to the Complaint as filed with the Court. A full list of all Defendants can be found at the following link: www.omniagentsolutions.com/HamiltonCove-AP-Defendants. If a Defendant is a party to more than one contract, the Defendant's name may appear on **Exhibit A** more than once.

## PRELIMINARY STATEMENT

The Debtor is filing this Complaint seeking authority to sell the Property, which is described and defined below, including the interests of the Debtor and the Defendants in the Property. The Debtor is not seeking monetary judgment against any of the Defendants in this Complaint. Rather, the Debtor anticipates that each Defendant, subject to any setoff for amounts due to the Association and confirmation of their ownership interest, will receive money from the sale of the Property.

## THE PARTIES

1. The Association is a non-profit corporation organized under the laws of the State of Arkansas pursuant to Articles of Incorporation filed with the Secretary of State of the State of Arkansas on June 30, 1986.

2. The Association was formed pursuant to a Supplemental Declaration of Covenants and Restrictions for Hamilton Cove Townhouses dated July 14, 1986 recorded on July 15, 1986 as Document Number 86-3150 in the Recorder's Office ("Supplemental Declaration"). The Supplemental Declaration was amended by (i) that certain First Amendment to Supplemental Declaration of Covenants and Restrictions for Hamilton Cove Townhouses ("First Amendment") recorded on August 13, 1986 as Document Number 86-3707 in the Recorder's Office (as defined below), (ii) that certain Supplemental Declaration to Declaration of Covenants and Restrictions and First Supplement to Supplemental Declaration of Covenants and Restrictions for Hamilton Cove Townhouses ("Supplemental Declaration and First Supplemental") recorded on March 4, 1987 as Document Number 87-882 in the Recorder's Office, (iii) that certain Supplemental Declaration to Declaration of Covenants and Restrictions and Second Supplement to Supplemental Declaration of Covenants and Restrictions for Hamilton Cove Townhouses Phase 3 ("Supplemental Declaration and Second Supplemental") recorded on May 5, 1988 as Document

Number 88-2094 in the Recorder's Office, (iv) that certain Correction of Omission to Supplemental Declaration to Declaration of Covenants and Restrictions and Second Supplement to Supplemental Declaration of Covenants and Restrictions for Hamilton Cove Townhouses Phase 3 ("Correction of Omission") recorded on July 1, 1988 as Document Number 88-2962 in the Recorder's Office, (v) that certain Supplemental Declaration of Declaration of Covenants and Restrictions and Third Supplement to Supplemental Declaration of Covenants and Restrictions for Hamilton Cove Townhouses, Phase 3, Replat ("Supplemental Declaration and Third Supplemental") recorded on November 7, 1988 as Document Number 88-4793 in the Recorder's Office, (vi) that certain First Amendment to Third Supplemental Declaration of Covenants and Restrictions for Hamilton Cove Townhouses, Phase 3, Second Replat ("First Amendment to Third Supplemental") recorded on January 27, 1989 as Document Number 89-414 in the Recorder's Office, and (vii) that certain Second Amendment and Fourth Supplemental Declaration to Supplemental Declaration of Covenants and Restrictions for Hamilton Cove Townhouses ("Second Amendment and Fourth Supplemental") recorded on July 11, 1989 as Document Number 89-3697 in the Recorder's Office. The Supplemental Declaration, First Amendment and Supplemental Declaration and First Supplemental Declaration, Supplemental Declaration and Second Supplemental, Correction of Omission, Supplemental Declaration and Third Supplemental, First Amendment to Third Supplemental, and the Second Amendment and Fourth Supplemental are collectively referred to as the "Declaration".

3. Among other things, the Declaration submitted the property identified in the Declaration (the "Property") to an interval form of ownership.

4. Pursuant to Section 10 of Article 1 of the Declaration, "*'Unit' means a separate unit delineated as such on the plat and/or plans of 'Hamilton Cove Townhouses'.*"

5. Pursuant to Section l3 of Article I of the Declaration, "*'Interval Ownership' means that form of ownership of a townhouse unit whereby such unit is conveyed for periods of time, the purchaser receiving a defined period for a period of years together with a remainder over in fee simple as a tenant in common with all other purchasers of unit weeks in such townhouse unit on the First Sunday in the year 2026 at 4:00 o'clock P.M*."

6. Pursuant to Section 17 of Article I of the Declaration, "*'Unit Week' means a period interval ownership in a unit committed to interval ownership.*"

7. Pursuant to Section 19 of Article I of the Declaration, "'*Unit committed to interval ownership' means any unit sold under a plan of interval owners.*"

8. Pursuant to Section 16 of Article I of the Declaration, "*'Unit Owner' means one or more person(s), his heirs, successors and assigns, who own or owns a unit or whose leasehold interest or interests in the unit or units extends for the entire balance of the unexpired term or terms.*"

9. Pursuant to Section 18 of Article I of the Declaration, "'*Unit Week Purchaser' means one or more person(s), his heirs, successors and assigns, who shall purchase a unit or unit week(s) in a unit in Hamilton Cove Townhouses.*"

10. Pursuant to Section 5 of Article I of the Declaration, "*'Common Property' or 'Common Area', or 'Common Elements' shall mean those properties defined as such in Article I, Section I(D) of the aforesaid Declaration.*"

11. The original Bylaws for the Association were dated July 14, 1986. The Bylaws were amended on June 6, 2022 and recorded in the Circuit Clerk and Ex-Officio Recorder's Office for Van Buren County, Arkansas (the "Recorder's Office") on October 24, 2022 as Document number 2022-6607. The Bylaws as amended are referred to as the "Bylaws".

12. Pursuant to Section 1 of Article II of the Bylaws, *"All owners of units or unit week(s) within the above Subdivision as now platted or as may be platted will be members of the Hamilton Cove Townhouses Property Owners Association, Inc."* Each owner is referred to herein individually as an "Association Member" and collectively as the "Association Members".

13. On or about February 11, 2026 (the "Petition Date"), the Association filed a voluntary petition for relief pursuant to title 11 of the United States Code (the "Bankruptcy Code"),[2] thereby commencing the underlying chapter 11 Case No. 4-26-10479 (the "Chapter 11 Case"). The Debtor's Chapter 11 Case is being jointly administered with four other property owners associations in the area, under the lead case caption of *In re Mountain Ridge Condominium Council of Co-Owners, Inc.*, Case No. 4-26-10474 (the "Lead Case").[3] Since the Petition Date, Debtor has remained in possession of its assets and has continued management of its property, business, and affairs.

14. As of the Petition Date, the Defendants and Debtor co-own tenant-in-common fee simple interests in the Property.

15. The Defendants listed in **Exhibit A** are tenant-in-common owners of fee simple interests at the Property as identified on the Debtor's books and records as of September 2, 2026.

## JURISDICTION AND VENUE

16. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334.

17. This is a core proceeding pursuant to 28 U.S.C. § 157(a), (b)(2)(A), (N) and (O).

18. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] All references to the "Bankruptcy Code" herein refer to 11 U.S.C. §§101-1532.

[3] Unless otherwise indicated by reference to "Hamilton Cove Doc. No. [X]", all references to filings identified by docket number herein refer to documents filed in the Lead Case.

19. The statutory predicates for the relief sought herein are sections 105(a) and 363 of the Bankruptcy Code, including section 363(h), and rules 7001 et seq. of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including rule 7001(c).

**COMMON ALLEGATIONS**

**A. The Property**

20. The Property is located at 1125 Dave Creek Parkway, Fairfield Bay, Van Buren County, Arkansas. The Property is commonly known as Hamilton Cove Townhouses.

21. The Property consists of seven (7) buildings including a total of thirty-seven (37) Units and their concomitant Common Elements. In addition, the Association owns eight (8) boat slips at the Dave Creek Slips Association.

22. As authorized by more than the required number of Owners prior to the Petition Date, (i) occupancy at the Property by Owners, guests and others was suspended as of December 27, 2025, and (ii) collection of 2026 maintenance fees from Owners was suspended.

23. The Debtor, via its contract with a management company, continues to maintain the Property as debtor-in-possession pursuant to Sections 1181 and 1184 of the Bankruptcy Code so that the Property can be sold for its highest and best value.

**B. The Ownership Structure of the Property**

24. Each Unit consists of fifty-two (52) Unit Weeks. The Debtor owns one (1) Unit Week in each Unit at the Property, known as "Maintenance Weeks."

25. Pursuant to a Special Warranty Deed dated September 3, 2025 and recorded in Book 2025, at Page 3572 on September 12, 2025 in the Recorder's Office, the Association owns the following Maintenance Weeks (the "Association Interest"):

- Phase One:
    - Building 1, Units 1, 2, 3, 4, 5, and 6, Week 2

  - Building 2, Units 7, 8, 9, 10, and 11, Week 2
- Phase Two:
  - Building 4, Units 17, 18, 19 and 20, Week 2
  - Building 5, Units 21, 22, 23, 24, 25 and 26, Week 2
- Phase Three:
  - Building 6, Units 27, 28, 29, 30, and 31, Week 3
  - Building 7, Units 32, 33, 34, 35, 36, and 37, Week 4
- Phase Four:
  - Building 8, Units 38, 39, 40, 41, and 42, Week 3

26. The Association owns 37 Unit Weeks at the Property together with a concomitant share of the Common Elements, which comprises approximately 1.92% of the total Unit Weeks at the Property. The Association owns the Association Interest as a tenant-in-common with all other owners of interests in the Property.

27. According to the records of the Association, as of September 2, 2026, First American Trust, FSB, as Trustee, Duly Appointed Under the Declaration of Trust for the Club Wyndham Access Vacation Ownership Plan ("First American Trust, as Trustee") owns 1,110 Unit Weeks at the Property and a concomitant share of the Common Elements at the Property, which is approximately 57.69% of the total Unit Weeks in the Property.

28. According to the records of the Association, as of September 2, 2026, Defendant Wyndham Vacation Resorts, Inc. ("WVR") owns approximately 292 Unit Weeks at the Property and a concomitant share of the Common Elements at the Property, which is approximately 15.18% of the total Unit Weeks in the Property.

29. According to the records of the Association, as of September 2, 2026, the remaining 485 Unit Weeks at the Property and a concomitant share of the Common Elements (approximately 25.21% of the total) are owned by approximately 952 parties to approximately 484

corresponding contracts (collectively, the "Interval Owners"). The Interval Owners are tenants in common with all other Owners at the Property as well as the Debtor.

**C. The Potential Sale of the Property**

30. Sale of the Property free and clear of the interests of the Debtor and Defendants, provides the ability to attain the highest and best offer for the Association and Owners.

31. On May 8, 2026, the Debtor filed the *Debtor's Motion for Entry of an Order (I) (A) Approving Auction and Bidding Procedures, (B) Scheduling Bid Deadlines and Auction, and (C) Approving the Form and Manner of Notice Thereof, and (II) (A) Authorizing the Sale of Assets and (B) Granting Related Relief* (Doc. No. 97) (the "Bid Procedures Motion") seeking to establish procedures to market and sell the Property, including the Association Interest in the Property, together with the interests of First American Trust, as Trustee (identified therein as "PTVO"), WVR and all other Owners.

32. On May 29, 2026, the Court entered the *Order (I)(A) Approving Auction and Bidding Procedures, (B) Scheduling Bid Deadlines and an Auction, and (C) Approving the Form and Manner of Notice Thereof, and (II)(A) Authorizing the Sale of Assets and (B) Granting Related Relief* (Doc. No. 120) (the "Bid Procedures Order"). The Bid Procedures Order accounts for and resolves the Defendants' rights under 11 U.S.C. § 363(i).

33. Pursuant to the Bid Procedures Order, the Debtor is marketing the Property (including related personal property, if any) for sale. As of this date, the Debtor has not presented a proposed sale to the Court for approval.

34. On May 12, 2026, the Debtor filed the *Hamilton Cove Townhouses Property Owners Association, Inc's Plan of Liquidation* (Hamilton Cove Doc. No. 37) (the "Plan"). Confirmation of the Plan is pending Court approval.

35. Any ultimate disposition of the Property, and any proposed distribution of proceeds of any sale, shall be subject to separate request(s) of the Debtor to the Court and subject to separate judgment(s) or order(s) of the Court (including, potentially pursuant to an order confirming the Plan).

36. The Debtor intends to separately seek orders or judgments from the Court (i) determining the extent of the ownership interest of each Defendant, and the amount due by each Defendant for outstanding maintenance fees or assessments to the Debtor, if any, and (ii) authorizing the distribution of the proceeds of any sale approved by the Court, less the costs and expenses of such sale as may be approved by the Court (which may include any order confirming the Plan).

**D. Proposed Consent Judgments**

37. At a special meeting of the members of the Association conducted on September 25, 2025, with a quorum of the voting interests represented in person or by proxy, more than 99% of the members of the Association in attendance voted to authorize the Board to file a chapter 11 bankruptcy petition for the Association to, among other things and subject to Court approval, market and sell the entire Property, free and clear of the interests of all Owners (as well as the Association), with such interests to attach to the proceeds of sale, subject to distribution pursuant to Court order.

38. Debtor believes that many Defendants will consent to the relief sought in this Complaint.

39. Together with the Complaint, Debtor is providing each Defendant with a *Stipulation and Consent Judgment* (a "Consent Judgment") offering to resolve the Complaint and this adversary proceeding as to each Defendant.

**COUNT 1 – SALE OF REAL PROPERTY PURSUANT TO 11 U.S.C. §363(h)**
**(Against the Defendants as listed in Exhibit A)**

40. The Debtor repeats and realleges the allegations set forth in all preceding paragraphs of this Complaint, as if set forth at length herein.

41. The Debtor requests the Court enter judgment against each Defendant identified in Exhibit A authorizing Debtor to sell the Debtor's interest in the Property together with the Defendants' interests in the Property, pursuant to 11 U.S.C. § 363(h).

42. As of the Petition Date, the Debtor and the Defendants co-owned the Property as tenants-in-common.

43. As of the Petition Date, the Debtor had an undivided interest in the Property as a tenant-in-common.

44. Partition in kind of the Property among Debtor and the Defendants is impracticable because of the large number of the Owners of the Property and the timeshare structure of the Property.

45. Sale of the Debtor's undivided interest in the Property would realize significantly less for the Debtor's bankruptcy estate than sale of the Property free of the interests of the Defendants.

46. The benefit to the Debtor's bankruptcy estate of selling the Property free of the interests of the Defendants in the Property outweighs the detriment, if any, to the Defendants – none of whom are full-time occupants of the Property.

47. Defendants' interests in the Property will attach to the sale proceeds and shall only be disbursed subject to further judgments or orders of the Court.

48. The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

49. All requirements for a sale of the Property pursuant to 11 U.S.C. § 363(h) are satisfied.

**WHEREFORE**, the Debtor respectfully requests that the Court enter a judgment in favor of Debtor against each Defendant:

(a) authorizing Debtor to sell the Debtor's interest in the Property together with the Defendants' interests in the Property (including related personal property, if any), pursuant to section 363(h) of the Bankruptcy Code and rule 7001(c) of the Bankruptcy Rules, provided that any sale of the Property shall be subject to further order of the Court pursuant to the Bid Procedures Order or otherwise;

(b) authorizing the Debtor to execute on behalf of the Defendants named herein any and all necessary documents to consummate a sale of the Property, including, but not limited to, deeds, assignments, affidavits, certifications, resolutions, authorizations, closing statements, title documents, recording documents, and any other instruments as may be necessary or prudent in connection therewith;

(c) pursuant to section 363(j) of the Bankruptcy Code, directing that after a sale of the Property pursuant to section 363(h) of the Bankruptcy Code, the Debtor shall distribute to the Defendants, according to the Defendants' interests in the Property as determined by further order of the Court, the proceeds of such sale less the costs and expenses of such sale. The costs and expenses of a sale of the Property shall include, but not be limited to, those reasonable costs and expenses (including professional fees and commissions) incurred by the Debtor in connection with (i) the Bid Procedures Motion and Bid Procedures Order, (ii) marketing and sale of the Property, (iii) closing a sale of the Property, (iv) this Complaint and adversary proceeding, (v) determination of Defendants' interests in the Property, and (vi) any distribution of sale proceeds. The amount of

such costs and expenses (including professional fees and commissions) to be deducted from the proceeds of the sale of the Property shall be determined by further order of the Court; and

(d) granting the Debtor such other relief that this Court deems just and equitable.

Dated: September 14, 2026

Respectfully submitted,

*/s/ Charles T. Coleman*
Charles T. Coleman (80030)
Stan D. Smith (90117)
**WRIGHT, LINDSEY & JENNINGS LLP**
200 West Capital Ave., Suite 2300
Little Rock, Arkansas 72201-3699
Telephone: (501) 371-0808
Email: ccoleman@wlj.com
ssmith@wlj.com

- and –

Brandy A. Sargent (admitted *pro hac vice*)
**K&L GATES LLP**
One SW Columbia Street, Suite 1900
Portland, OR 97204
Telephone: (503) 228-3200
Email: brandy.sargent@klgates.com

- and –

Daniel M. Eliades (admitted *pro hac vice*)
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Email: Daniel.eliades@klgates.com

- and –

Jonathan N. Edel (admitted *pro hac vice*)
**K&L GATES LLP**
300 South Tryon St., Suite 1000
Charlotte, NC 28202
Telephone: (704) 331-7400
Email: jon.edel@klgates.com

*Counsel for Debtor and Debtor-in-Possession*

**EXHIBIT A**